IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**CEDRIC CALMES**  MOVANT

v.  No. 1:12CR134-SA-DAS

**UNITED STATES OF AMERICA**  RESPONDENT

**ORDER *GRANTING* PETITIONER'S MOTION
TO ALTER OR AMEND JUDGMENT**

This matter comes before the court on the petitioner's motion for reconsideration of the court's March 11, 2020, memorandum opinion and final judgment denying his motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The court interprets the motion, using the liberal standard for *pro se* litigants set forth in *Haines v. Kerner*, 404 U.S. 519 (1972), as a motion to amend judgment under Fed. R. Civ. P. 59(e). An order granting relief under Rule 59(e) is appropriate when: (1) there has been an intervening change in the controlling law, (2) where the movant presents newly discovered evidence that was previously unavailable, or (3) to correct a manifest error of law or fact. *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). The deadline for seeking relief under Rule 59(e) is 28 days from entry of judgment.

Our sister court in the Southern District of Mississippi has made clear that "[w]hatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." *Atkins v. Marathon Le Tourneau Co.,* 130 F.R.D. 625, 626 (S.D. Miss. 1990) (citations omitted); *Brown v. Mississippi Co-op Extension Serv.*, 89 F. App'x 437, 439 (5th Cir. 2004) (citing *Atkins* with approval). The *Atkins* court further cautioned that any litigant who brings a motion to reconsider based on the need to correct a clear error of law or manifest injustice should "evaluate whether what may seem to be a clear

error of law is in fact simply a point of disagreement between the Court and the litigant." *Id.* Rule 59 may not be used merely to re-urge an argument. *See*, *e.g.*, *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) ("Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'") (citation omitted).

In the present motion, the petitioner argues that he did not receive a copy of the government's response to his § 2255 motion and thus was deprived of the opportunity to reply to that response. Rule 5 of the Rules Governing Section 2255 Proceedings for the United States District Courts states that "[t]he moving party may submit a reply to the respondent's answer or other pleading within the time fixed by the judge." As Mr. Calmes alleges that lack of notice of the government's response to his motion caused him to miss the deadline to reply, the court will provide him with the opportunity to do so.

For this reason, the Movant is entitled to the relief he seeks in the instant motion under Fed. R. Civ. P. 59(e), and the court will vacate the judgment in this case and provide him the opportunity to reply to the Government's response.

It is, therefore, **ORDERED**:

(1) Mr. Calmes' motion [106] to alter or amend judgment is **GRANTED**;

(2) The court's judgment [103] is **VACATED**;

(3) The Movant's **DEADLINE FOR REPLYING** to the government's response is *30 days from the date of this order*;

**SO ORDERED**, this, the 23rd day of February, 2021.

/s/ Sharion Aycock
U. S. DISTRICT JUDGE